**Stanley KNEDLIK, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF COMMERCE AND ECONOMIC DEVELOPMENT, REAL ESTATE COMMISSION, Appellee.**

**No. S–3298.**

Supreme Court of Alaska.

Dec. 7, 1990.

Helen L. Simpson, Anchorage, for appellant.

No appearance for appellee.

OPINION

PER CURIAM.

This case is an appeal from the Alaska Real Estate Commission's ("Commission's") denial of Stanley Knedlik's claim for reimbursement from the Real Estate Surety Fund. The Commission denied Knedlik's claim on the ground that Knedlik had received all of the money he was entitled to receive. The superior court affirmed, and Knedlik appealed. We reverse.

I.

On February 18, 1983, Banner Realty ("Banner") acting through its employee, John Burns, offered to purchase certain real property from Knedlik. Banner offered to deposit $5000 earnest money in its trust account within 24 hours of Knedlik's acceptance of its offer. The earnest money was to be non-refundable if the transaction did not close due to Banner's nonperformance. On February 27, 1983, Knedlik made a counteroffer incorporating this earnest money provision which Banner accepted. On March 7, 1983, Banner and Knedlik agreed to clarify and modify certain terms of the contract. The agreement reiterated

that Banner was required to make a $5000 earnest money deposit which was non-refundable except upon failure of Knedlik to convey title. Helen Morgan, Banner's broker, deposited the earnest money in Banner's trust account on March 25, 1983.

On July 18, 1983, Banner paid Knedlik $10,000 as consideration for a thirty day extension of the closing date. Under the terms of their extension agreement, the first $5000 was a purely compensatory payment not applicable to the purchase price. The other $5000 was to be credited toward the down payment. Their agreement did not address the refundability of the second $5000 directly. This agreement also allowed Banner to extend the closing date by another thirty days by paying an additional $5000. Burns exercised this option on August 18, 1983.

The sale did not close, and on November 8, 1983, Knedlik terminated the contract and requested the $5000 earnest money. However, Knedlik never received the earnest money because Morgan previously had returned it to Burns upon Burns' representation that he had paid the money to Knedlik.

On November 15, 1983, Knedlik filed a claim for payment with the Commission under AS 08.88.460 seeking reimbursement from the Real Estate Surety Fund [1] ("Surety Fund") of the $5000 earnest money deposited in the Banner trust account for his benefit. On December 29, 1986, after the resolution of a related civil suit not important to our resolution of this appeal, a Commission hearing examiner conducted a hearing on Knedlik's claim. The hearing examiner filed a proposed decision denying Knedlik's claim against the Surety Fund on the ground that Knedlik suffered no loss. Specifically, the hearing examiner found that the contract documents called for total payments of $15,000 rather than $20,000. The Commission adopted the proposed decision on July 7, 1987. Knedlik requested reconsideration. The Commission granted

reconsideration and on December 14, 1987, reaffirmed its earlier decision.

Knedlik appealed the Commission decision. The superior court, Judge William H. Fuld, affirmed the Commission's decision on the ground that substantial evidence supported the denial of Knedlik's claims. Knedlik appealed.

### II.

As noted, the hearing officer took testimony and concluded that the contract documents contemplate payment of $15,000 rather than $20,000. This conclusion is clearly erroneous. The contract documents call for payments of $20,000 and the record is undisputed that $20,000 was paid, counting the $5000 deposited in the Banner trust account on March 24, 1983.

■ The actual issue in this case is whether the $5000 advance on the down payment that Banner paid Knedlik on July 18, 1983 was to be refundable in the event that the sale did not close due to Banner's nonperformance. Generally, the interpretation of a writing is for the court, except where the issue depends on conflicting extrinsic evidence in which case the choice is for the trier of fact. *Alyeska Pipeline Service Co. v. O'Kelley*, 645 P.2d 767, 771 n. 2 (Alaska 1982); *Alaska Diversified Contractors Inc. v. Lower Kuskokwim School Dist.*, 778 P.2d 581, 584 (Alaska 1989).

■ The various documents comprising this contract in this case are hardly a model of clarity. The $5000 advance on the down payment made July 18, 1983 was both part of the consideration to extend the closing date and part of the down payment of the transaction. It was used to reduce immediately the remaining down payment called for by the contract from $65,000 to $60,000 and to reduce immediately the total remaining unpaid balance of the purchase price from $527,500 to $522,500. The parties' intent as to this $5000 is not clear. The addendum says nothing about refundability and the item is designated as a down payment rather than as an "earnest money

---

1. "The real estate surety fund is established in the general fund to carry out the purposes of AS 08.88.450–08.88.500. The fund is composed of payments made by licensed real estate brokers and salesmen ... and [claim] filing fees retained." AS 08.88.450.

deposit"—the term used in the addendum of March 7, 1983, which was explicitly made nonrefundable.

In her decision, the hearing officer did not explicitly address the question of the refundability of the $5000 advance on the down payment made July 18, 1983. Because there may be extrinsic evidence which bears on the question of the parties' intent concerning refundability of this payment, a remand of this case to the Commission is required.

If the Commission on remand should determine that the $5000 advance on the down payment was intended to be refundable, Knedlik's claim should be denied as he has received all that he is entitled to. If, on the other hand, the Commission should determine that the parties intended this $5000 payment to be nonrefundable, a further issue arises.

■ Under Alaska law, restitution of purchase money should be made to a defaulting buyer to the extent that the benefit retained by the seller exceeds the seller's damages. *Ben Lomond Inc. v. Allen*, 758 P.2d 92, 94 (Alaska 1988):

> Restitution is available to a defaulting party to a contract to the extent that the benefit retained by the nonbreaching party exceeds the amount of damages incurred by that same party as a consequence of the breach. *See Freedman v. Rector*, 37 Cal.2d 16, 230 P.2d 629 (1951); *see also* D. Dobbs, *Remedies* 863 (1973); Restatement (Second) of Contracts § 374 (1979).

The burden of proving that the benefit retained by the seller exceeds the seller's damages is on the breaching buyer. *Id.* at 95. Thus, if the Commission on remand determines that the second $5000 was meant to be nonrefundable, the Surety Fund should have the opportunity to prove, if it can, that Knedlik's damages as a result of the breach are less than the partial payments of the price which he has received.

REVERSED and REMANDED.